**UNITES STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
_____ X

| | | |
|---|---|---|
| Audrey Krapf | **Plaintiff** | **Docket No. 07 - 1520** |
| -against- | | |
| Professional Collection Services, Inc., James Vogel, James Dorsa "Jimmy King" | **Defendant** | |

_____X

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

i

## TABLE OF CONTENTS

Preliminary Statement………………………………………………………...……1

**Point I:  STANDARD FOR MOTION TO DISMISS** …….………………………….. 2

**Point II:   INDIVIDUAL EMPLOYEES AND OFFICERS OF
             COPORATION CAN BE LIABLE UNDER THE FDCPA**……………...3

**Point III:   THE COURT SHOULD REFUSE TO ACCEPT THE
              DEFENDANTS AFFIDAVITS AND SHOULD REFUSE TO
              CONVERT THIS MOTION TO A SUMMARY JUDGMENT
              MOTION** ………………………………………………………….………7

**Point IV:  PLAINTIFF TRIED TO DEPOSE THE DEFENDANTS BUT
            DEFENDANTS DID NOT APPEAR**………………………...….………… 8

**Point  V:  DEFENDANTS' MOTION FOR ATTORNEYS FEES AND COSTS
             SHOULD BE DENIED**……………………………………………...….………9

## **TABLE OF AUTHORITIES**

*Bellinzoni v Seland*, 128 AD2d 580 (2nd Dept. 1987)……………………………………. 6

*Brumbelow v. Law Offices of Bennett & Deloney, P.C.*, 372 F. Supp. 2d 615, 618

(D. Utah 2005) ……………………………………………………………………….. 6

*Conley v. Gibson*, 355 U.S. 41, 45, 46 (1957)…………………………………………….. 2

*Dew v. United States*, 192 F. 3d 366, 371 (2d Cir 1999)……………………………….2

*Ditty v. Checkrite, Ltd.*, 973 F.Supp. 1320, 1336-37 (D.Utah 1997) …………………..6

D*rennan v. Van Ru Credit Corp*., 950 F. Supp. 858, 860 61 n.7 (N.D. Ill. 1996)…….. 6

*Dupack v Nationwide Leisure Corp., 70 AD2d 568 (1rst Dept. 1979)………………….*6

*Egli v. Bass,* 1998 WL 560270 (N.D. Ill. 1998) …………………………………………6

*In re National Credit Management Group*, 21 F. Supp. 2d 424, 461
(D.N.J. 1998)……………………………………………………………………………...6

*In re Poling Transportation Corp.*, 782 F. Supp. 20 (S.D.N.Y. 1991) ………………..6

*Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292 (2d Cir. 2003)………………….7

*Musso v. Seiders*, 194 F.R.D.  43, 46-47 (D. Conn. 1999)…………………………….6

*Nettis v. Levitt,* 241 F. 3d 186, 194 n.4 (2d Cir. 2001)…………………………………3

*Piper v. Portnoff Law Associates*, 274 F.Supp.2d 681, 689-90 (E.D.Pa. 2003)……….6

*Raymond Corp. v Coopers & Lybrand*, 105 AD2d 926 ………………………………6

*Rothstein v. Equity Ventures,* 299 A.D. 2d 472 (2nd Dept. 2002) ……………………..6

*Slater v. Credit Services, Inc.,* 1998 U.S. Dist. LEXIS 8497 (N.D.  Ill.,
May 28, 1998)……………………………………………………………………………. 6

*Teng v. Metropolitan Retail Recovery, Inc*., 851 F.Supp., 61, 67 (E.D.N.Y. 1994)….. 5

*West v. Costen*, 558 F.Supp. 564, 587 (W.D.Va. 1983)…………………………….....6

*Widlitz v. Scher,* 148 A.D.2d 530 (2nd Dept. 1999)…………………………………...6

*Williams v. Professional Collections Services, Inc., and Jimmy King,*
U.S. Dist. LEXIS 30639, CV 04 -286 (JS) (ARL) (EDNY Dec. 20, 2004)……………3

*W. Joseph McPhillips, Inc. v. Ellis*, 278 A.D. 2d 530. (3rd Dept. 2000)……………….. 6

**Statutes**

15 U.S.C. § 1692..................................................................................1-10

UNITES STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____ X

| | | |
|---|---|---|
| Audrey Krapf | **Plaintiff** | **Docket No. 07 - 1520** |
| -against- | | **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE COMPLAINT** |
| Professional Collection Services, Inc., James Vogel, James Dorsa "Jimmy King" | **Defendant** | |

_____X

PRELIMINARY STATEMENT

The Plaintiff submits this memorandum in opposition to Defendants' motion to dismiss the complaint. The Complaint alleges as follows:

The Defendants are debt collectors who specialize in collecting debts from the families of recently deceased persons. The Plaintiff's father died after a protracted illness. Charles O'Shea Funeral Home conducted the funeral services.[1] The Plaintiff paid the large majority of the funeral bill. A minimal balance remained unpaid due to confusion related to military death benefits, and due to the fact that the Plaintiff was caring for her daughter who was undergoing chemotherapy. The funeral home hired Professional Collection Services, Inc. (Professional) to attempt to collect the remaining balance. Professional's employees James Vogel, James Dorsa, and/or Jimmy King left a series of messages on Plaintiff's telephone answering machine in an attempt to collect the balance. The messages mocked the Plaintiff's religion and falsely threatened Plaintiff with legal

---

[1] Charles O'Shea Funeral Home, Inc. was formerly a defendant herein, but Plaintiff has voluntarily dismissed the action against said defendant, without prejudice.

1

action. [2]The Defendants have been sued in this Court before for abusive debt collection relating to funeral bills; including threats to mutilate corpses. The complaint seeks punitive damages.

The Plaintiff has sued the Defendants for violation of the Fair Debt Collection Practices Act (15 USC 1692 et seq., hereinafter FDCPA); and various state torts. Defendants have moved to dismiss the claims against James Vogel, James Dorsa, and "Jimmy King" arguing that these Defendants are protected by the corporate shield of Professional Collections Services, Inc.

Under the FDCPA individual owners can be held liable for participating or approving of the abusive conduct. Additionally, under New York state common law, corporate officers can be held personally liable for their participation in tortious conduct. The Complaint properly alleges facts that, when taken as true, constitute violations of the FDCPA and common law by the individually named defendants. As such, the Defendants' motion should be denied in its entirety.

## I. Standard for Motion to Dismiss

On a motion to dismiss, the Court should deem all facts alleged in the complaint as true. Additionally, the Court should "draw inferences from those allegations in the light most favorable to the plaintiff." *Dew v. United States*, 192 F. 3d 366, 371 (2d Cir 1999) cert denied. A claim should only be dismissed if it appears that the plaintiff could prove no set of facts in support of the claim which would entitle the Plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45, 46 (1957).

---

[2] Plaintiff has already supplied the Defendants with copies of the recorded messages.

2

The only issue raised by the Defendant in this motion is whether the personally named Defendants can be held liable for the abuse alleged in the complaint.

The complaint alleges that someone from the Defendant corporation using the name "Jimmy King" made the abusive telephone calls to Plaintiff. (Paragraphs 33 through 42).

The complaint alleges that James Dorsa, engaged in, approved of, and/or ratified the abusive conduct. (Paragraph 44)

The complaint alleges that James Dorsa, engaged in, approved of, and/or ratified the abusive conduct. (Paragraph 45)

The Plaintiff's complaint certainly pleads facts that, if established, would entitle her to relief from each and every defendant jointly and severally.

III. Individual Employees and Officers of Corporation Can be Liable under the FDCPA

In 2004 James Dorsa James Vogel and Jimmy King were sued in this Court in the matter of *Williams v. Professional Collections Services, Inc.,and Jimmy King,* U.S. Dist. LEXIS 30639, CV 04 -286 (JS) (ARL) (EDNY Dec. 20, 2004). In that case, this exact issue was raised, and decided. In that matter, like the instant matter, these same Defendants argued that Vogel, Dorsa, and King were not subject to the FDCPA.[3] The Defendants therein argued that they were protected by the corporate shield of Professional Collection Services, Inc. The Court in the *Williams* matter ruled as follows:

---

[3] In *Williams v Professional et al*, the issue of the Defendants' personal liability was raised in the context of Plaintiff's motion to amend the complaint therein. The Defendants alleged that the proposed amendment was futile. The legal analysis determining the futility of a proposed amendment, and a motion to dismiss under 12b(6) is the same. *Nettis v. Levitt,* 241 F. 3d 186, 194 n.4 (2d Cir. 2001).

3

> *Finally the Defendants argument that Mr. Dorsa and Mr. Vogel are not violators of the Federal Fair Debt Collection Practices Act (FDCPA) is also without merit. The Fair Debt Collection Practices Act defines debt collectors as*
>
>> *Any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects, or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 USC 1692a(6).*
>
> *A high-ranking employee executive or director of a collection agency may fit within the statutory definition of a debt collector as long as the defendant was personally involved in the collection of the debt. See* Musso v. Seiders*, 194 F.R.D. 43, 46-47 (D. Conn. 1999). In her proposed amended complaint, the Plaintiff alleges that the defendant left a series of abusive and deceptive phone messages on the Plaintiff's answering machine in an attempt to collect a debt. The Plaintiff contends in her memorandum that the phone messages were likely made (sic) one or both of the owners using the alias "Jimmy King." Assuming these facts to be true, the Plaintiff has alleged sufficient facts to hold James Vogel and James Dorsa liable under the Fair Debt Collection Practices Act.*

Like the *Williams* matter, the Complaint in the instant action alleges that Defendants Vogel and Dorsa engaged in, approved of, and/or ratified the abusive phone calls. As such the Complaint properly alleges facts establishing that the Defendants Dorsa and Vogel are debt collectors and are subject to personal liability.

It is evident that the phone calls at the heart of this matter were likely made by at least one of these two persons, if not both. It should be noted that the Defendants have alleged that only Mr. Vogel uses the alias "Jimmy King" and hence only Mr. Vogel should be held responsible for the abuse. However, the Plaintiff certainly does not know this to be accurate. From the Plaintiff's perspective either of these two individuals, or both, *could be* using the alias Jimmy King. And it is certainly clear that at least one of them *is* responsible. Additionally it is certainly possible that there is also a third person at

Professional who also uses the alias "Jimmy King."  It is also likely that all of the employees at Professional use the alias "Jimmy King" while attempting to collect debts. The Plaintiff has not been afforded the opportunity to depose the Defendants so is not in the position to make such a determination. [4]  In any event, it is clear that in the least both Dorsa and Vogel are aware of the abusive debt collection practices engaged in by "Jimmy King."  A review of the Federal Court Pacer systems shows five FDCPA cases filed against Professional. Plaintiff does not yet know how many FDCPA cases have been filed against Professional in state courts.

The Defendants arguments' related to "piercing the corporate veil" are misplaced. Plaintiff is not attempting to hold the Defendants liable for the acts of the corporation. The Plaintiff seeks to hold these individuals responsible for their own actions. Under the FDCPA, employees and their companies are <u>both</u> liable for the employees' violations. This Court addressed this issue in *Teng v. Metropolitan Retail Recovery, Inc.*, 851 F.Supp., 61, 67 (E.D.N.Y. 1994).  Judge Spatt wrote:

> First, each employee is himself a "debt collector" within the statutory definition, namely, each is a "person" in a business, "the principal purpose of which is the collection of any debts or who regularly collects or attempts to collect ... debts owed or due ... another ...."
> Second, Zapata and Soto are each affirmative actors and tortfeasors, who actually made the actionable phone calls, and would be personally liable if this was a tortious cause of action. Thus, the defendants Met Retail, Zapata and Soto are jointly and severally liable for the damages incurred by the plaintiff, if there is liability.

In the instant action, Plaintiff seeks to hold Defendants Dorsa and Vogel personally liable for their actions as debt collectors. Plaintiff additionally seeks to hold

---

[4] Plaintiff attempted to depose the Defendants, but Defendants refused to appear. Instead, Defendants sent Plaintiff's counsel an insulting and abusive letter, directing Plaintiff's counsel to "Grow up and "Get a Life". See Section IV herein.

5

Professional Collection Services Inc. responsible as a debt collector. Finally, Plaintiff seeks to hold "Jimmy King," whoever that may turn out to be, responsible for his actions. It is well settled that officers and employees directly involved in debt collection through a collection agency may be jointly and severally liable with the agency. *Piper v. Portnoff Law Associates*, 274 F.Supp.2d 681, 689-90 (E.D.Pa. 2003); *Brumbelow v. Law Offices of Bennett & Deloney, P.C.*, 372 F. Supp. 2d 615, 618 (D. Utah 2005) *Ditty v. Checkrite, Ltd.*, 973 F.Supp. 1320, 1336-37 (D.Utah 1997); *West v. Costen*, 558 F.Supp. 564, 587 (W.D.Va. 1983); *Slater v. Credit Services, Inc.,* 1998 U.S. Dist. LEXIS 8497 (N.D. Ill., May 28, 1998); *Egli v. Bass,* 1998 WL 560270 (N.D. Ill. 1998); D*rennan v. Van Ru Credit Corp.*, 950 F. Supp. 858, 860 61 n.7 (N.D. Ill. 1996); *In re National Credit Management Group*, 21 F. Supp. 2d 424, 461 (D.N.J. 1998); *Musso v. Seiders*, 194 F.R.D. 43, 46-47 (D. Conn. 1999).

Additionally, Defendants Dorsa Vogel and "King" can not rely on the corporate shield to protect them from the Plaintiff's common law tort claims. Corporate officers are liable for their own tortious conduct irrespective of whether they are employed by a corporation. *Bellinzoni v Seland*, 128 AD2d 580 (2nd Dept. 1987) ("An officer of a corporation who participates in the commission of a tort by the corporation is personally liable therefor"); Also see: *In re Poling Transportation Corp.*, 782 F. Supp. 20 (S.D.N.Y. 1991); *Widlitz v. Scher,* 148 A.D.2d 530 (2nd Dept. 1999); *Raymond Corp. v Coopers & Lybrand*, 105 AD2d 926; *Dupack v Nationwide Leisure Corp.*, 70 AD2d 568 (1rst Dept. 1979). Likewise, it is irrelevant whether the tortious act was in furtherance of the Corporation's business: "members of limited liability companies, such as corporate officers, may be held personally liable if they participate in the commission of a tort in

6

furtherance of company business." *Rothstein v. Equity Ventures,* 299 A.D. 2d 472 (2nd Dept. 2002)*;W. Joseph McPhillips,Inc. v. Ellis*, 278 A.D. 2d 530. (3rd Dept. 2000).

### III. The Court Should Refuse to Accept the Defendants Affidavits and Should Refuse to Convert this Motion to a Summary Judgment Motion

The Defendant requested permission to move to dismiss the complaint pursuant to Rule 12b(6). The Defendant then filed the motion with affidavits from the named defendants and requested that the Court convert the motion to a motion for summary judgment.

The only issue raised by the Defendants in this motion is whether the individual defendants can be subject to liability. There is no question that individual employees of a corporation *can* be liable for the violations of the FDCAP and state common law. And there is no questions that the Plaintiff alleged facts that if proven would constitute the individually named defendants liable.

Whether the personally named Defendants engaged in the abusive conduct is a fact issue, precluding dismissal under Rule 12(b)(6), or Rule 56.

The Plaintiff has not had the opportunity to conduct discovery regarding the issue at hand (i.e. the involvement of each of the personally named defendants; and who uses the alias "Jimmy King."). It is clear that one or more of the employees of Professional Collection Services, Inc. is personally liable, and the Plaintiff should be afforded the opportunity to discovery, before being forced to defend a motion for summary judgment. *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292 (2d Cir. 2003). The Court should

7

refuse to accept or consider the self serving affidavits of the personally named Defendants.

### IV. Plaintiff Tried to Depose the Defendants but Defendants Did Not Appear

On August 22, 2007, Plaintiff served notices of deposition on the four named Defendants. (Exhibit A). Plaintiff noticed the dates well in advance, and informed the Defense counsel in the cover letter that Plaintiff indeed intended on conducting the depositions on that date. The Defendants did not respond in any manner. On September 20, 2007, Plaintiff's counsel sent a confirming letter that the depositions would go forward. Exhibit B. The Defendants did not respond in any manner. On October 1, 2007, Plaintiff's counsel sent a third notice reminding Defendants that the depositions would go forward on October 10, 2007 (Exhibit C)  Again the Defendants did not respond in any manner.  The plaintiff then prepared for the depositions.

At October 9, 2007 (the day before the scheduled depositions), the Defense counsel faxed a letter informing Plaintiff's counsel that the Defendants would not be appearing for the deposition. (Exhibit D).  The Defendants did not move for a protective order. They just unilaterally decided that they would not appear.

Plaintiff's counsel immediately faxed back a letter informing the defense counsel that the Plaintiff would not take the depositions off calendar, and intended to go forward with the depositions. (Exhibit  E).

The Defense counsel faxed back a letter informing Plaintiff's counsel  to "Grow up" and "Get a Life."  (Exhibit F).

8

The Defendants did not appear for the noticed depositions. (See Transcript of Deposition attached as Exhibit G).

In the event that the Court agrees to accept and consider the affidavits, and convert Defendants motion to a Summary Judgment motion, then the Plaintiff requests that the Court should stay any decision regarding such until Plaintiff has had an opportunity to conduct the necessary discovery.

### V. Defendants Request for Attorneys Fees and Costs Should be Denied

It is patently obvious that the Plaintiff has not brought this case in bad faith or for the purposes of harassment. The Plaintiff brought this case because the Defendants engaged in abusive debt collection relating to Plaintiff's father's funeral. Defendants left a series of messages on Plaintiff's answering machine in which Defendants mocked Plaintiff's religion, and informed Plaintiff that she was being sued. Defendants Vogel, Dorsa, were in *the least* aware of such abusive tactics, but more likely actually engaged in the conduct.

According to 15 U.S.C. 1692:

*(a)     There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.*

*(b)     Existing laws and procedures for redressing these injuries are inadequate to protect consumers.*

*(c)     Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.*

*(d)     Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.*

9

> *(e) It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.*

According to 15 U.S.C. 1692d:

> *A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt*

The Plaintiff has brought this action in harmony with the purposes of the Act, and Defendants actions clearly violate the Act. The Defendants' request for attorneys fees is frivolous.

WHEREFORE, the Plaintiff requests that the Defendants' motion be denied in its entirety.

Dated: November 7, 2007

_____
Joseph Mauro (JM 8295)
The Law Office of Joseph Mauro, LLC
631 Montauk Hwy. Ste. 6
West Islip, NY 11795
(631) 669-0921

10

## **CERTIFICATE OF SERVICE**

      I, Joseph M. Mauro, an attorney, hereby certify that I caused to be served on the following counsel of record, or pro-se party, the attached OPPOSITION TO MOTION TO DISMISS by REGULAR FIRST CLASS MAIL on November 7, 2007 addressed to


David Gold, Esq.
116 John St.
New York, NY 10038


Dated: November 7, 2007
      West Islip, NY                              _____
                                                      Joseph Mauro, Esq.