```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
AUDREY KRAPF,                                            MEMORANDUM AND ORDER

                        Plaintiff,                       CV 07-1520

        -against-                                        (Wexler, J.)

PROFESSIONAL COLLECTION SERVICES,
INC., JAMES VOGEL, JAMES DORSA,
"JIMMY KING" and CHARLES J. O'SHEA
FUNERAL HOME, INC.,

                        Defendants.
----------------------------------------------------X
APPEARANCES:

        JOSEPH MAURO ESQ.
        Attorney for Plaintiff
        631 Montauk Highway Suite 6
        West Islip, New York 11795

        DAVID J. GOLD, P.C.
        BY: DAVID J. GOLD, ESQ.
        Attorneys for Defendants
        116 John Street
        New York, New York 10038-3411
```

WEXLER, District Judge

Plaintiff, Audrey Krapf ("Plaintiff" or "Krapf") commenced this action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (the "FDCPA" or the "Act") and New York State law. Krapf alleges that Defendants engaged in unfair and abusive collection practices with respect to a debt arising from expenses incurred in connection with Plaintiffs' father's funeral. Named as Defendants are Professional Collection Services, Inc., James Vogel and James Dorsa. The complaint also names "Jimmy King," as a Defendant, an alias believed to

1

have been used by James Vogel and/or James Dorsa in the course of attempting to collect debts.[1]
Presently before the court is the motion of the individually named Defendants, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss. For the reasons set forth below, the motion is denied.

## BACKGROUND

### I. The Parties and the Allegations of the Complaint

Plaintiff is an individual who resides in this district. Defendant Professional Collections Services, Inc. ("Professional") is alleged to be engaged in the business of debt collection, doing business in New York State. James Vogel and James Dorsa, (the "Individual Defendants") are alleged to have been employed by Professional during the relevant time period.

Plaintiff alleges that she planned funeral arrangements for her father while caring for him during a terminal illness. Those arrangements are alleged to have been made with O'Shea Funeral Home, Inc. ("O'Shea"). The cost for the funeral was $9,500, of which Plaintiff pre-paid $7,500. Shortly after death of her father, Plaintiff's daughter was diagnosed with cancer. Plaintiff communicated to O'Shea the dire financial situation that resulted from this circumstance, and sought to reduce the amount due in connection with her father's funeral expenses.

Plaintiff alleges that O'Shea agreed to accept Plaintiff's father's military death benefit, in the amount of $600, in full satisfaction of the amount still due and owing to the funeral home. Plaintiff states that despite this agreement, and O'Shea's acceptance of the $600 death benefit,

---

[1] Plaintiff originally named O'Shea Funeral Home, Inc. as a Defendant but later dismissed the case against this Defendant.

O'Shea attempted to collect the full amount due on Plaintiff's father's funeral expense – approximately $1,200. Plaintiff attempted to pay the bill, making what the complaint refers to as "voluntary unsolicited payments." When these payments failed to satisfy the entire bill, O'Shea instructed its collection agent, Professional, to institute proceedings to collect the remainder of the amount due. In the course of attempting to collect the debt, Professional and the individually named Defendants are alleged to have "acted in a an abusive, harassing, and deceptive manner contrary to the standards of civilized society, and contrary to the standards employed by others in its industry." Defendants' actions are alleged in support of a claim of violation of the FDCPA as well as New York State law.

II.     The Motion to Dismiss

The Individual Defendants move to dismiss on the ground that Plaintiff has failed to state a claim of personal liability. Having submitted factual affidavits, Defendants also move to convert this motion, pursuant to Rule 12(d) of the Federal Rules of Civil Procedure, to a motion for summary judgment and for the entry of judgment pursuant to Rule 56. After outlining relevant legal principles the court will turn to the merits of the motion.

DISCUSSION

I.     The Court Declines to Convert the Motion Pursuant to Rule 12(d)

If matters outside of the pleadings are presented and not excluded by the court, the motion must be treated as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(d). In such a case the court must give all parties a reasonable opportunity to present "all material that is pertinent to the motion." Watts v. Services for the Underserved, 2007 WL 1651852 *2 (E.D.N.Y. June 6, 2007). Discovery is ongoing in this

3

matter and it is not likely that sufficient evidence can be garnered at this juncture to properly consider a motion for summary judgment. The court holds, therefore that it will not consider matters outside of the pleadings and will therefore not convert this motion, pursuant to Rule 12(d), to a motion for summary judgment. The court will, accordingly, consider this motion as a motion to dismiss.

II.  Standard For Motion To Dismiss

In Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), the Supreme Court rejected the "oft-quoted" standard set forth in Conley v. Gibson, 355 U.S. 41, 78 (1957), that a complaint should not be dismissed, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. at 45-46. The court discarded the "no set of facts" language in favor of the requirement that plaintiff plead enough facts "to state a claim for relief that is plausible on its face." Bell Atlantic Corp., 127 S. Ct. at 1974.

The "plausibility" language used by the Supreme Court in Bell Atlantic, has not been interpreted by the Second Circuit to require a "universal standard of heightened fact pleading," but to require a complaint to "amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible.*" Iqbal v. Hasty, 490 F.3d 143, 158 (2d Cir.2007) (emphasis in original). Further, courts have noted that while heightened factual pleading is not the new order of the day, Bell Atlantic holds that a "formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Williams v. Berkshire Fin. Grp. Inc., 491 F. Supp.2d 320, 324 (E.D.N.Y. 2007), quoting, Bell Atlantic Corp., 127 S. Ct. at 1959.

In the context of a motion to dismiss, this court must, as always, assume that all allegations set forth in the complaint are true and draw all inferences in favor of the non-moving party. Watts v. Services for the Underserved, 2007 WL 1651852 *2 (E.D.N.Y. June 6, 2007). The court must ensure, however, that the complaint sets forth "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 127 S. Ct. at 1974. While a Rule 12 motion is directed only to the sufficiency of the pleading, the court determining the motion may rightfully consider written documents attached to the complaint as well as documents incorporated thereto by reference and those of which plaintiff had knowledge and relied upon in commencing her lawsuit. See Brass v. Amer. Film Techn., Inc., 987 F.2d 142, 150 (2d Cir. 1993); Watts, 2007 WL 1651852 *2.

III. Liability Under the FDCPA

The FDCPA was enacted to protect consumers from "unscrupulous debt collection practices." Teng v. Metropolitan Retail Recovery, Inc., 851 F. Supp. 61, 65 (E.D.N.Y. 1994) (citation omitted). The Act prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt. . . . ." 15 U.S.C. § 1692e. FDCPA liability is imposed on "debt collectors" who engage in prohibited activities. 15 U.S.C. § 1692e. The statute specifically defines debt collectors as those engaged in "any business the principle purpose of which is the collection of any debts, or who regularly collects or attempts to collect . . . . debts owed or due or asserted to be owed or due another." 15 U.S.C. §1692e (emphasis added).

While the Second Circuit has yet to rule explicitly on the issue of individual FDCPA liability, many courts, including courts within this district, have recognized that individual liability may be imposed where the defendant sought to be held liable personally engaged in the

5

prohibited conduct. E.g., Ohlson v. The Cadle Co., 2006 WL 721505 *3 (E.D.N.Y. 2006) (officers and employees may be "jointly and severally liable with the agency where they have affirmatively acted"); Williams v. Professional Collection Services, Inc., 2004 WL 5462235 *4(E.D.N.Y. 2004) ("high ranking employee, executive, or director of a collection agency may fall within the statutory definition of a debt collector . . . ."); Teng, 851 F. Supp. at 67 (defendant who made actionable phone called could be held personally liable for FDCPA violation); accord Piper v. Portnoff Law Assocs., 274 F. Supp.2d 681, 689 (E.D. Pa. 2004); Musso v. Seiders, 194 F.R.D. 43, 46-47 (D. Conn. 1999).

While not adopting a respondeat superior theory of liability, these courts have held that personal involvement can lead to a finding that an individual is a "debt collector" within the meaning of the Act, and thereby render him liable for its violation. See Piper, 274 F. Supp.2d at 689; see also Pollice v. Nat'l. Tax Funding, L.P., 225 F. 3d 379, 405 n.29 (3d Cir. 2000) (holding "general partner exercising control over the affairs" of a limited partnership engaged in debt collection may be liable for violation of FDCPA).

IV.  Disposition of the Motion

This court joins others in holding that individual FDCPA liability may be imposed under certain circumstances. Where the complaint contains sufficient allegations of personal involvement in the alleged violation, plaintiff states a claim for individual liability for violation of the FDCPA. Upon review of the pleadings herein, the court holds that Plaintiff has stated such a claim and therefore denies the motion to dismiss. The motion is, accordingly, denied.

## CONCLUSION

The court declines to consider this motion as a motion for summary judgment. The

motion to dismiss is denied. The Clerk of the Court is directed to terminate the motion and the parties are ordered to continue with discovery.

SO ORDERED

                                                               LEONARD D. WEXLER
                                                               UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       December 11, 2007